## HOAG *vs.* BREMAN and WIFE.

B., who was entitled to the possession of a certain chattel, replevied it of H. On the trial he was non-suited, and the defendant, H., took judgment for the value of the property, under the Statute. B., still retaining the property he had so replevied, brought trover against H., and recovered for the full value of the property so replevied, instead of damages for its temporary detention by H. H. paid the judgment, and claiming the property by virtue of such payment, brought replevin for it against B. *Held*, that if H.'s taking judgment against B. in the original replevin suit, for the value of the property, amounted to a conversion; in paying the judgment in the trover suit he only paid for the property he had converted; and if, on the other hand, the Court erred in the trover suit in giving B. damages for the *full value* of the property, instead of damages for its temporary detention, such error could not transfer the title of the property to H., and in neither case could he recover.

Case made from Wayne Circuit.

*L. Bishop*, for plaintiff.

*Wilcox & Gray*, for defendants.

By the Court, JOHNSON, J.

This is an action of replevin, originally brought by the plaintiff before a Justice of the Peace, appealed to the Circuit Court for Wayne County, and on the trial of the cause in the Circuit Court, judgment was rendered for the defendants; a case was made by the counsel embodying the facts as they appeared on the trial at the Circuit, for a review of that decision.

From the facts in the case it appears that some time anterior to the commencement of this suit, the defendant, Breman, was owner of a cow, the property in question; that she was unlawfully detained from him by the plaintiff, Hoag; that Breman and wife brought an action of replevin against Hoag to recover the cow, but in consequence of the improper joinder of the wife, they were compelled to submit to a non-suit, whereupon a judgment was rendered against them for the value of the cow.

Afterward the defendant, Breman, in his own name, brought an action of trover against Hoag for the cow, and recovered a judgment for her value; the cow in the mean time remaining in the possession of the defendants, and thereupon, after the payment of said judgment, the plaintiff commenced this suit. It is insisted by counsel for plaintiff, that the judgment against him, at the suit of Breman for the value of the cow, in an action of trover, and the payment of that judgment, had the effect to vest the title of the property in him. Such, unquestionably, is the general rule of law; and unless the facts in this case make it an exception to that general rule, or rather take it out of the rule, the plaintiff must recover in this suit.

When Breman and wife replevied the cow from Hoag,

the title of the property was in Breman, and Hoag wrongfully detained her. The plaintiffs necessarily submitted to a nonsuit, and Hoag took judgment against them for the value of the cow. The result of all this was, that Breman became possessed of his own property, but had a judgment rendered against him for its value.

Breman then brings his action of trover against Hoag, and recovered the value of the cow.

Now, whether the taking of the judgment against Breman and wife in the replevin suit amounted to a conversion of the property by Hoag, is not material to inquire. If such proceedings did amount to a conversion, then the Court adopted the proper rule of damages, and Hoag has no reason to complain; he paid only for the property he had converted, and certainly, in that case, is not entitled to a re-delivery of the property.

If, on the other hand, the Court erred, and gave a judgment for the full value of the property, when he should have only given damages for a temporary detention of it, and Hoag submitted to it, and paid the judgment, he must abide the consequences; we cannot relieve him in this suit. We are not sitting in review of that judgment; we can only look to its effect, and that effect is the same, whether the Justice of the Peace erred or not, in the assessment of damages.

It must be remembered that during all this time the property was in the possesssion of Breman, and it was the duty of the Court to have adopted a rule of damages applicable to the condition of the property at the time, and not a rule that should contemplate a subsequent change of possession of the property.

If any such rule was adopted, the Court erred, and that error cannot have the effect to change the title of the property.

Therefore, in either view of the case, the plaintiff cannot recover.

The judgment of the Circuit Court must be affirmed with costs.